NOT FOR PUBLICATION                                                                                          CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARCO L. TROUTMAN, | : | |
| Petitioner, | : | Civil Action No. 10-5453 (SRC) |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | **MEMORANDUM OPINION** |
| Respondents. | : | |

This matter comes before the Court upon: (a) Petitioner's second amended § 2254 petition ("Petition") submitted in response to the Court's Mason v. Meyer, 208 F.3d 414 (3d Cir. 2000), notice, see ECF Nos. 19 and 20; (b) Respondents' answer to the Petition, see ECF No. 29; and (c) Petitioner's traverse. See ECF Nos. 31 and 32. For the reasons detailed below, the Petition will be dismissed as untimely, and no certificate of appealability will issue.

Petitioner is serving a 30-year prison term imposed by the Law Division on December 17, 1999, after Petitioner's guilty plea to the charges of aggravated manslaughter and weapon related offenses. See https://www6.state.nj.us/DOC_Inmate/details?x=1179981&n=0; see also ECF No. 29-7 (indicating that the plea deal was highly favorable to Petitioner since it reduced his penal exposure from two separate counts of murder to only one count of aggravated manslaughter). Petitioner challenged his sentence on direct appeal and had his prison term affirmed by the Appellate Division on February 22, 2001. See ECF No. 29-3. He did not seek certification from the Supreme Court of New Jersey as to his direct appeal. Rather, on October 11, 2005, he filed an application for post-conviction relief ("PCR"). See ECF No. 29-7, at 2. That application was denied by the Law Division, and the Appellate Division affirmed. See id.

at 1. He then sought certification from the Supreme Court of New Jersey and had that request denied on May 6, 2010. See ECF No. 29-10. On October 18, 2010, he executed his original Section 2254 petition eventually substituted by the Petition at bar. See ECF No. 1.

Respondents answered the Petition focusing on the issue of timeliness. Specifically, Respondents pointed out that the Petition (even if deemed filed on the date of Petitioner's execution of his original § 2254 petition) was facially untimely, since his period of limitations under the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, tit. I, §101 ("AEDPA"), was: (a) triggered when his time to seek certification as to his directed appeal expired; and (b) ended one year from that trigger date, i.e., in early 2002 and about three and a half years prior to his filing of the PCR application. See ECF No. 29, at 3-4; accord N.J. Ct. R 2:4-1(a) (the time for filing a notice of appeal is forty five days). Thus, unless Petitioner could establish a viable basis for equitable tolling, his Petition was subject to dismissal as untimely.

Petitioner responded by filing his traverse and a letter preceding the traverse. See ECF Nos. 31 and 32. The letter stressed that Petitioner's "[t]raverse would not be structured around all those submissions that [were] submitted by Respondents." ECF No. 31, at 3 (asserting that he was not served with Respondents' attachments to their answer but conceding that he received the answer and was put on notice of Respondents' position that his Petition was untimely). The traverse argued the merits of Petitioner's claims, leaving the issue of timeliness virtually unaddressed. See generally, ECF No. 32. The sole argument related to that issue asserted that Petitioner's direct appeal counsel did not file an application for certification with the Supreme Court of New Jersey as to Petitioner's direct appellate challenges to his sentence and that counsel's failure to do so prevented Petitioner from meeting AEDPA's one-year limitation Id. at 5-6. Petitioner's position is unavailing.

The AEDPA limitations period is amenable to equitable tolling.  See Holland v. Florida, 560 U.S. 631 (2010); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  However, "a litigant seeking equitable tolling [must] establish[ ] two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  Unlike state law, federal law does not recognize a litigant's excusable neglect as a potential basis for equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Rather, such tolling is allowed only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 560 U.S. at 649 (relying on Pace, 544 U.S. at 418).  For instance, extraordinary circumstances have been found where: (a) the respondent has actively misled the petitioner; or (b) the petitioner has in some extraordinary way been prevented from asserting his rights; or (c) the petitioner has timely asserted his rights mistakenly in a wrong forum, see Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999), or (d) the court itself has misled the petitioner regarding the steps he needed to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Moreover, even where the presence of extraordinary circumstances is established, "[i]f the person seeking equitable tolling has not exercised reasonable diligence . . . after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, the Petition cannot qualify for equitable tolling since Petitioner neither faced extraordinary circumstances nor even attempted to act diligently. If this Court were to presume that Petitioner in fact requested his direct appellate counsel to seek certification, counsel's failure to make such filing was not an extraordinary circumstance and, thus, cannot supply a viable basis for equitable tolling. Indeed, it was Petitioner's obligation to monitor his AEDPA period and to ensure that a timely next step would be taken, be it by means of a speedier-filed PCR application (so as to trigger the statutory tolling) or by means of a "protective" Section 2254 petition, as suggested in Pace, 544 U.S. at 416, or by an application seeking a stay and abeyance of Petitioner's unexhausted challenges. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Here, disregarding his obligation to act diligently, Petitioner

> elected to do nothing. . . . [H]e elected to sit on his rights . . . . [I]n light of Petitioner's blatant disregard for the consequences of his . . . laxness, this Court is constrained to deny him equitable tolling. . . . Finding otherwise would make a mockery of those litigants who . . . go through the very same state court process and yet meet their deadlines . . . to ensure . . . substantive federal habeas review.

Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *45-46 (D.N.J. June 25, 2013), aff'd, 2013 U.S. App. LEXIS 25719, at *1.

Accordingly, this Court will dismiss the Petition as untimely. No certificate of appealability will issue since jurists of reason would not find it debatable that this Court is correct in its finding that the Petition is untimely. See 28 U.S.C. § 2253(c)(2) (a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right"); Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

An appropriate Order follows.

                                                           s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                        United States District Judge

Dated:  May 5, 2014